UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20835-BB

LARRY BRADY OWENS,

    Plaintiff,

vs.

INFLECTION RISK SOLUTIONS,
LLC, d/b/a GOODHIRE,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant Inflection Risk Solutions, LLC ("Defendant" or "Inflection") submits this, its Answer and Defenses to the Complaint [D.E. 1] filed by Larry Brady Owens ("Plaintiff"), respectfully showing the Court as follows:

**ANSWER**

1.    The allegations of paragraph 1 of the Complaint contain conclusions of law to which no response is required. To the extent that any response is required, Inflection expressly denies that Plaintiff is entitled to any form of alleged damages or that Inflection has in any way violated the provisions of the Fair Credit Reporting Act ("FCRA").

2.    Responding to the allegations of paragraph 2 of the Complaint, Inflection admits only that Plaintiff was a "consumer" as defined in the FCRA with respect to the specific consumer report at issue in this litigation. Inflection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint. Accordingly, said allegations stand denied. Except as expressly admitted herein, Inflection denies the allegations of paragraph 2 of the Complaint.

1

3. Responding to the allegations of paragraph 3 of the Complaint, Defendant admits that Inflection Risk Solutions, LLC is a California limited liability company. Inflection further admits that it was a "consumer reporting agency" as defined in the FCRA with respect to the specific consumer report at issue in this litigation. Except as expressly admitted herein, Inflection denies the remaining allegations of paragraph 3 of the Complaint.

4. Responding to the allegations of paragraph 4 of the Complaint, Inflection consents to jurisdiction in this Court for this specific lawsuit. The remaining allegations of paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent that any response is required, Inflection expressly denies that Plaintiff is entitled to any form of alleged damages or that Inflection has in any way violated the provisions of the FCRA.

5. Inflection consents to venue in this Court.

6. Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint. Accordingly, said allegations stand denied.

7. Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint. Accordingly, said allegations stand denied.

8. Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint. Accordingly, said allegations stand denied.

9. Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint. Accordingly, said allegations stand denied.

10. Responding to the allegations of paragraph 10 of the Complaint, Inflection admits only that Airbnb purchased a background report regarding Plaintiff from Inflection. Inflection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint. Accordingly, said allegations stand denied.

11. Responding to the allegations of paragraph 11 of the Complaint, Inflection admits only that a notice was sent by Airbnb to Plaintiff on February 23, 2021. Inflection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint. Accordingly, said allegations stand denied. Except as expressly admitted herein, Inflection denies the allegations of paragraph 11 of the Complaint.

12. Inflection admits the allegations in the first sentence of paragraph 12 of the Complaint. Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 12 of the Complaint. Accordingly, said allegations stand denied. Except as expressly admitted herein, Inflection denies the allegations of paragraph 12 of the Complaint.

13. Responding to the allegations of paragraph 13 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 13 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

14. Responding to the allegations of paragraph 14 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 14 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

15. Responding to the allegations of paragraph 15 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 15 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

16. Responding to the allegations in the first and second sentences of paragraph 16 of

the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of the first and second sentences of paragraph 16 of the Complaint to the extent that they deviate in any way from the contents of said consumer report. Responding to the allegations in the third sentence of paragraph 16 of the Complaint, Inflection states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations. Accordingly, said allegations stand denied.

17. Responding to the allegations of paragraph 17 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 17 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

18. Responding to the allegations of paragraph 18 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 18 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

19. Responding to the allegations of paragraph 19 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 19 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

20. Responding to the allegations of paragraph 20 of the Complaint, Inflection states that the consumer report delivered to Airbnb is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 20 of the Complaint to the extent that they deviate in any way from the contents of said consumer report.

21. Inflection is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 21 of the Complaint. Accordingly, said allegations stand denied.

22.     Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint. Accordingly, said allegations stand denied.

23.     Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint. Accordingly, said allegations stand denied.

24.     Responding to the allegations of paragraph 24 of the Complaint, Inflection admits only that a notice was sent to Plaintiff. Responding further, Inflection states that the referenced "Adverse Action Notice email" is a document in writing which speaks for itself. Inflection denies the allegations of paragraph 24 of the Complaint to the extent that they deviate in any way from the contents of said email. Except as expressly admitted herein, Inflection denies the allegations of paragraph 24 of the Complaint.

25.     Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint. Accordingly, said allegations stand denied.

26.     Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint. Accordingly, said allegations stand denied.

27.     Responding to the allegations of paragraph 27 of the Complaint, Inflection admits only that it was a "consumer reporting agency" as defined in the FCRA with respect to the specific

consumer report at issue in this litigation. Except as expressly admitted herein, Inflection denies the allegations of paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains no allegations directed against Inflection, and thus no response is required from Inflection. To the extent a response is required, Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint. Accordingly, said allegations stand denied.

29. Paragraph 29 of the Complaint contains no allegations directed against Inflection, and thus no response is required from Inflection. To the extent a response is required, Inflection denies the allegations in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains no allegations directed against Inflection, and thus no response is required from Inflection. To the extent a response is required, Inflection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint. Accordingly, said allegations stand denied.

31. Inflection denies the allegations in paragraph 31 of the Complaint as stated. By way of further response, Inflection states that it requires full and exact matching of certain identifiers and denies any implication in paragraph 31 that Inflection's practices violate the FCRA in any way. Except as expressly admitted herein, Inflection denies the allegations of paragraph 31 of the Complaint.

32. Inflection denies the allegations of paragraph 32 of the Complaint.

33. Inflection denies the allegations of paragraph 33 of the Complaint as stated. By way of further response, Inflection states that it requires full and exact matching of certain identifiers and denies any implication in paragraph 33 that Inflection's practices violate the FCRA in any

way. Except as expressly admitted herein, Inflection denies the allegations of paragraph 33 of the Complaint.

34. Inflection denies the allegations of paragraph 34 of the Complaint.

35. Inflection denies the allegations of paragraph 35 of the Complaint.

36. Inflection denies the allegations of paragraph 36 of the Complaint.

37. Inflection incorporates and reasserts its responses to the preceding paragraphs as if fully set forth herein.

38. Inflection denies the allegations of paragraph 38 of the Complaint.

39. Inflection denies the allegations of paragraph 39 of the Complaint.

## GENERAL DENIAL

40. Inflection denies the allegations in the "Prayer for Relief" section of the Complaint and further denies all relief sought by Plaintiff through the Complaint. Inflection denies each and every factual allegation contained in the Complaint that is not expressly admitted in the preceding paragraphs of this Answer. In further response, all allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving any non-affirmative defenses that are not stated herein and without assuming the burden of proof or any defense where the law provides otherwise, Inflection submits its affirmative and other defenses to the claims set forth in the Complaint as follows:

1. Inflection acted, at all times relevant to the Complaint, in compliance with the FCRA and is entitled to every defense afforded by the FCRA.

2. Inflection did not negligently violate the FCRA.

3. Inflection did not recklessly or willfully violate the FCRA. Accordingly, no

statutory damages may be awarded.

4. Inflection, at all times, maintained reasonable procedures with respect to the reporting of information on the consumer report delivered to Airbnb.

5. Inflection's actions or omissions, if any, did not cause the injury or damages alleged by Plaintiff, the existence of such injury or damages being specifically denied.

6. Any claim by Plaintiff for punitive damages is barred because any alleged violation of the FCRA, which violation is specifically denied, was the product of good faith conduct by Inflection and without any willfulness, malice, or intent to injure.

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate damages or to take other reasonable steps to reduce damages, if any.

8. Plaintiff is not entitled to punitive damages, as set forth by the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

9. Plaintiff's claims are subject to dismissal, in whole or in part, to the extent that Plaintiff did not incur a cognizable injury, did not incur any damages, or otherwise lacks standing.

10. Plaintiff's claims are subject to dismissal, in whole or in part, to the extent that any damages incurred by Plaintiff were caused by Plaintiff's own acts or omissions, or the acts or omissions of third parties other than Inflection.

11. The damages Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff, would be excessive, and would violate Inflection's constitutional rights.

12. The damages Plaintiff seeks must be set off against any settlement or other

recoveries by Plaintiff.

13. Plaintiff's claims are subject to dismissal, in whole or in part, to the extent the claims made in the Complaint are barred by res judicata and/or collateral estoppel or the failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code. The potential applicability of this defense will be determined in discovery.

14. Inflection reserves the right to assert any additional affirmative defense available under applicable law as may be discovered during the course of additional discovery and investigation.

WHEREFORE, having fully responded to the Complaint, Inflection respectfully requests that the Court enter an Order denying all of the claims against Inflection in the Complaint, and that judgment be rendered in favor of Inflection and against Plaintiff with respect to all claims against Inflection, and that Inflection be granted such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this 6th day of May, 2021.

> **GRAY|ROBINSON**
> *Counsel for Defendant*
> 333 S.E. 2nd Avenue, Suite 3200
> Miami, Florida 33131
> Telephone: (305) 416-6880
> Facsimile: (305) 416-6887
>
> By: */s/ Anastasia Protopapadakis*
> Anastasia Protopapadakis, FBN 51426
> Primary e-mail:
> Anastasia.Protopapadakis@Gray-Robinson.com
> Secondary e-mails:
> Danieska.Cuarezma@Gray-Robinson.com
> Lourdes.Federici@Gray-Robinson.com
>
> *and*
>
> Megan P. Mitchell (Ga. Bar No. 916934)
> (*pro hac vice application to be submitted*)

**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW
Suite 2100
Atlanta, GA 30363
Telephone: 404-873-8500
Email: megan.mitchell@agg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2021, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**GRAY|ROBINSON**
*Counsel for Defendant*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: ___*/s/ Anastasia Protopapadakis*___
Anastasia Protopapadakis, FBN 51426
Primary e-mail:
Anastasia.Protopapadakis@Gray-Robinson.com
Secondary e-mails:
Danieska.Cuarezma@Gray-Robinson.com
Lourdes.Federici@Gray-Robinson.com

**SERVICE LIST**

Yosef Steinmetz, Esq.
**COHEN & MIZRAHI LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:     (929) 575-4175
Facsimile:       (929) 575-4195
yosef@cml.legal
*Counsel for Plaintiff*

16522900v4